**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **RAYMOND GRAY**, *et al.*, | * | |
| **Plaintiff,** | * | |
| **vs.** | * | **Civil Action No. 1:13-cv-02270-WMN** |
| **OFFICER SCOTT KERN**, *et al.*, | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>ANSWER</u>

Defendants, the Baltimore Police Department ("BPD") and Commissioner Anthony Batts ("Commissioner Batts"), by their undersigned attorneys and pursuant to Federal Rule of Civil Procedure 8, hereby answer the Complaint filed in the above-captioned action as follows:

1.      Admit the allegation in Paragraph 1 that Plaintiff Raymond Gray was a police officer trainee with the University of Maryland Police force at the time of the incident at issue in this case. The remainder of this paragraph consists of legal conclusions that BPD and Commissioner Batts do not have to answer.

2.      Deny information sufficient to form a belief as to the truth or veracity of the factual allegations in Paragraph 2.

3.      Admit the allegation in Paragraph 3 that Defendants Police Officer William Scott Kern ("Officer Kern"), Major Eric Russell ("Major Russell"), and Officer Efren Edwards ("Officer Edwards") were officers with BPD at the time of the incident at issue in this case. BPD and Commissioner Batts deny information sufficient to form a belief as to the truth or veracity the remaining factual allegations in this paragraph. The remainder of this paragraph consists of legal conclusions that BPD and Commissioner Batts do not have to answer.

1

4.      Admit the allegations in Paragraph 4 that, at the time of the incident at issue in this case, Officer Edwards was a member of Commissioner Batts' security detail, Major Russell was in the training command with BPD, and Officer Kern was a training officer assigned to the Education & Training Division of BPD.   BPD and Commissioner Batts deny the remaining allegations in this paragraph.

5.      Admit the allegation in Paragraph 5 that, at the time of the incident at issue in this case, Commissioner Batts was the Police Commissioner for BPD and had supervisory power over the chain of command for BPD. BPD and Commissioner Batts deny the remaining allegations in this paragraph. The remainder of this paragraph consists of legal conclusions that BPD and Commissioner Batts do not have to answer.

6.      Admit the allegations in Paragraph 6 that, at the time of the incident at issue in this case: BPD was a fully operational police department; the Mayor of Baltimore appointed the Commissioner of BPD, with the advice and consent of the City Council; and that the City Council set the budget for BPD. BPD and Commissioner Batts deny the remaining allegations in this paragraph. The remainder of this paragraph consists of legal conclusions that BPD and Commissioner Batts do not have to answer.

7.      BPD and Commissioner Batts neither admits nor denies the allegations of paragraphs 7 and 8, as the allegations are not directed at them.

8.      Paragraph 9 consists of legal conclusions that BPD and Commissioner Batts need not answer.

9.      Deny information sufficient to form a belief as to the truth or veracity of the allegation in Paragraph 10 that Plaintiffs filed the requisite Notice of Claim letters with the City Solicitor of Baltimore. BPD and Commissioner Batts deny the remaining allegations in this

paragraph. BPD and Commissioner Batts need not answer the allegations in this paragraph that contain legal conclusions.

10.     Paragraph 11 does not make allegations against BPD and Commissioner Batts and no admission or denial is required.

11.     Admit the allegations in Paragraph 12 that on February 12, 2013, Plaintiff Gray participated in a training exercise conducted by Officer Kern and Officer Edwards at the Rosewood facility, located in Owings Mills, Baltimore County, Maryland, along with other trainees. BPD and Commissioner Batts deny the remaining allegations in this paragraph.

12.     Deny the allegations in Paragraph 13 of the Complaint.

13.     Admit the allegation in Paragraph 14 that Officer Kern and Officer Edwards began training exercises upon arriving at Rosewood. Deny the remaining factual allegations in this paragraph.  The remainder of this paragraph consists of legal conclusions that BPD and Commissioner Batts do not have to answer.

14.     Deny the allegations in Paragraph 15 of the Complaint.

15.     Admit the allegations in Paragraph 16 that Officer Kern fired a single shot from his service weapon which struck Plaintiff.  The remainder of this paragraph consists of legal conclusions that BPD and Commissioner Batts do not have to answer.

16.     BPD and Commissioner Batts need not answer the allegations of paragraphs 17, 18, 19, and 20 of the Complaint to the extent that they contain legal conclusions.  To the extent that it is required to answer, BPD and Commissioner Batts deny the allegations in these paragraphs.

17.     Counts I through IX and Count XI have been dismissed as to BPD in their entirety; therefore, BPD need not answer the allegations in these Counts. BPD denies the allegations in these Counts, to the extent it is required to answer.

18.     Counts VII through IX and Count XI have been dismissed as to Commissioner Batts in their entirety; therefore, Commissioner Batts need not answer the allegations in these Counts. Commissioner Batts denies the allegations in these Counts, to the extent he is required to answer.

19.     Paragraph 21 does not make allegations against Commissioner Batts and no admission or denial is required.

20.     Commissioner Batts need not answer the allegations of paragraphs 22, 23, and 24 of the Complaint to the extent that they contain legal conclusions. To the extent that he is required to answer, Commissioner Batts denies the allegations in these paragraphs.

21.     Paragraph 25 does not make allegations against Commissioner Batts and no admission or denial is required.

22.     Commissioner Batts need not answer the allegations of paragraphs 26, 27, 28, 29, 30, and 31 of the Complaint to the extent that they contain legal conclusions. To the extent that he is required to answer, Commissioner Batts denies the allegations in these paragraphs.

23.     Paragraph 32 does not make allegations against Commissioner Batts and no admission or denial is required.

24.     Commissioner Batts need not answer the allegations of paragraphs 33 and 34 of the Complaint to the extent that they contain legal conclusions. To the extent that he is required to answer, Commissioner Batts denies the allegations in these paragraphs.

25.     Paragraph 35 does not make allegations against Commissioner Batts and no admission or denial is required.

26.     Commissioner Batts need not answer the allegations of paragraphs 36, 37, 38, and 39 of the Complaint to the extent that they contain legal conclusions. To the extent that he is required to answer, Commissioner Batts denies the allegations in these paragraphs.

27.     Paragraph 40 does not make allegations against Commissioner Batts and no admission or denial is required.

28.     Commissioner Batts need not answer the allegations of paragraphs 41, 42, and 43 of the Complaint to the extent that they contain legal conclusions. To the extent that he is required to answer, Commissioner Batts denies the allegations in these paragraphs.

29.     Paragraph 44 does not make allegations against Commissioner Batts and no admission or denial is required.

30.     Commissioner Batts need not answer the allegations of paragraphs 45, 46, and 47 of the Complaint to the extent that they contain legal conclusions. To the extent that he is required to answer, Commissioner Batts denies the allegations in these paragraphs.

31.     Paragraph 60 does not make allegations against Commissioner Batts and no admission or denial is required.

30.     BPD and Commissioner Batts need not answer the allegations of paragraphs 61 and 62 of the Complaint to the extent that they contain legal conclusions. To the extent that it is required to answer, BPD and Commissioner Batts deny the allegations in these paragraphs.

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of immunity, including but not limited to, sovereign immunity, qualified immunity, and public official's immunity.

## THIRD AFFIRMATIVE DEFENSE

The Complaint may be, in part, barred by the doctrine of assumption of the risk.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint may be, in part, barred by contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in part, by the statute of limitations

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in part, as worker's compensation is the sole remedy for personal injuries from a workplace accident.

## SEVENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over claims asserted by Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

BPD and Commissioner Batts reserve the right to assert any other affirmative defense that may arise during the course of this litigation.

**WHEREFORE**, having fully answered the Complaint filed by Plaintiffs, BPD and Commissioner Batts pray that the Complaint be dismissed with prejudice, and that they are granted such other and further relief as the Court deems just and proper.

Respectfully submitted,


_____/s/_____
Glenn T. Marrow
Chief Solicitor
Federal Bar No. 23731



_____/s/_____
Kristin E. Blumer
Assistant Solicitor
Federal Bar No. 26712



_____/s/_____
Lauren A. Seldomridge
Assistant Solicitor
Federal Bar No. 30247


Baltimore Police Department
Office of Legal Affairs
100 N. Holliday Street, Suite 101
Baltimore, MD 21202
Email: glenn.marrow@baltimorepolice.org;
kristin.blumer@baltimorepolice.org;
lauren.seldomridge@baltimorepolice.org
Telephone: 410-396-2496
Facsimile: 410-396-2126

*Counsel for Defendants BPD and
Commissioner Batts*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of February, 2014, a copy of the foregoing Answer was served via the Electronic Filing System of the United States District Court for the District of Maryland on the following persons:

A. Dwight Pettit, Esquire
A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, MD 21215

Allan B. Rabineau, Esquire
401 E. Pratt Street, Suite 2252
Baltimore, MD 21202

*Counsel for Plaintiffs*

Chaz R. Ball, Esquire
Schlachman Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, MD 21202

*Counsel for Defendant Officer William Scott Kern*

Harry S. Johnson, Esquire
Patrick McKevitt, Esquire
Whiteford, Taylor & Preston, LLP
7 St. Paul Street
Baltimore, MD 21202

*Counsel for Defendants Major Eric Russell and Officer Efren Edwards*

Paul M. Mayhew, Esquire
Assistant County Attorney
400 Washington Avenue
Towson, MD 21204

*Counsel for Defendants Baltimore County, Maryland and Baltimore County Police Department*

Michael Redmond, Esquire
Baltimore City Law Department
100 N. Holliday Street
Baltimore, MD 21202

*Counsel for Defendant Mayor and City Council of Baltimore City*

_____/s/_____
Kristin E. Blumer
Assistant Solicitor
Federal Bar No. 26712
Baltimore Police Department
Office of Legal Affairs
100 N. Holliday Street, Suite 101
Baltimore, MD 21202
410-396-2496 (telephone)
410-396-2126 (facsimile)