IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


RAYMOND GRAY et al.              *
                                 *
v.                               *      Civil Action No. WMN-13-2270
                                 *
OFFICER WILLIAM                  *
SCOTT KERN et al.                *
                                 *

  *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

This action relates to the well-publicized shooting of

Plaintiff Raymond Gray by Baltimore Police Officer William Scott

Kern during a training exercise on February 12, 2013.  On

January 7, 2014, this Court issued a Memorandum and Order

dismissing various claims and parties, leaving as defendants

Officer Kern, Officer Efren Edwards, the Baltimore Police

Department, Baltimore City Police Commissioner Anthony Batts,

and Baltimore County.[1]  Left pending against Defendants the

Baltimore Police Department and Commissioner Anthony Batts

(collectively referred to as "the Police Defendants") are claims

for Monell and supervisory liability for failure to train under

42 U.S.C. § 1983.  See generally Monell v. Department of Social

Services of the City of New York, 436 U.S. 658 (1978).  The

Police Defendants now seek, under Federal Rules of Civil

---

[1] Plaintiffs also initially filed suit against Major Russell, the
Mayor and City Council of Baltimore, and the Baltimore County
Police Department.  Those Defendants were subsequently
dismissed.

Procedure 42(b) and 26(d), to bifurcate the § 1983 claims

against them, as well as to stay discovery and trial until the

resolution of Plaintiffs' claims against Officers Kern and

Edwards.  ECF No. 46.  For the reasons stated herein, the Court

determines that no hearing is necessary, Local Rule 105.6, and

the motion will be granted.

Federal Rule of Civil Procedure 42(b) provides, in relevant

part, that, "[f]or convenience, to avoid prejudice, or to

expedite and economize, the court may order a separate trial of

one or more separate issues, claims, cross-claims,

counterclaims, or third-party claims."  District courts have

broad discretion in determining whether to bifurcate claims for

trial.  See Dixon v. CSX Transp., Inc., 990 F.2d 1440, 1443 (4th

Cir. 1993).

"Bifurcation is fairly common in Section 1983 cases where a

plaintiff has asserted claims against individual government

employees as well as the municipal entity that employs and

supervises these individuals."  Beasley v. Kelly, Civ No. DKC

10-0049, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010).  Courts

routinely bifurcate such actions because "[a] claim of

inadequate training under section 1983 cannot be made out

against a supervisory authority absent a finding of a

constitutional violation on the part of the person being

supervised."  Temkin v. Frederick Cnty. Comm'rs, 945 F.2d 716,

724 (4th Cir. 1991); see also Marryshow v. Town of Bladensburg, 139 F.R.D. 318, 319 (D. Md. 1991) (noting that, "to hold the inactive Defendants (or any of them) liable, Plaintiff must establish that the actions of the active Defendants subjecting him to Section 1983 liability were proximately caused by a custom, practice or policy of an inactive Defendant").  Because a constitutional violation on the part of Officer Kern and/or Officer Edwards serves as the predicate for a finding of liability on the part of the Police Defendants, bifurcation of such an action is generally appropriate.  See, e.g., Humbert v. O'Malley, Civ. No. WDQ-11-0440, 2012 WL 1066478 (D. Md. Mar. 27, 2012); Beasley v. Kelly, Civ. No. DKC-10-0049, 2010 WL 3221848 (D. Md. Aug. 13, 2010); Dawson v. Prince George's County, 896 F. Supp. 537 (D. Md. 1995).

Plaintiffs oppose bifurcation, principally on the basis of the litigation strategy of the Baltimore Police Department with regard to a similar request in a different case, Brown v. Tshamba, Civ. No. RDB-11-0609.  Tshamba involved the fatal shooting of Tyrone Brown by off duty Baltimore Police Department officer Gahiji Tshamba.  In that case, the court bifurcated the trials of the individual defendant and the Baltimore Police Department on similar grounds as those proffered by the Baltimore Police Department here – namely, that claims against municipalities or employers under 42 U.S.C. § 1983 are

predicated on violation of constitutional rights in the first
instance by the individual defendant.  The Police Department
later moved, and was permitted by the Court, to intervene in
Tshamba's trial regarding the issue of whether Tshamba acted
"under color of law," as no other defendant in that case had
incentive to litigate the issue.  Plaintiffs' concern in the
present case appears to be based on the potential for prejudice
if the same procedural steps are taken by the Police Defendants.

This case is, however, fundamentally different from the
Tshamba litigation.  Here, as the Police Defendants concede,
there is no question that the individual defendants were acting
under color of law.  The Police Defendants note that the
shooting incident undisputedly occurred during a training
exercise conducted pursuant to both Gray's and the individual
defendants' employment as police officers, and that "the
training was conducted pursuant to BPD's legal authority under
state regulations to conduct entry level training for law
enforcement officers."  ECF No. 54 at 8.  Moreover, the Police
Defendants argue that, to the extent that there may be a
question of whether the individual defendants were acting within
the scope of their employment, that question is irrelevant as to
the Police Defendants' § 1983 liability.  See generally Brown v.
Mayor & City Council of Balt., 892 A.2d 1173, 1182 (Md. Ct.
Spec. App. 2006) (noting that "scope of employment is not

4

coextensive with the 'color of law' element of a constitutional claim"). Thus, the Police Defendants contend that they do not anticipate intervening or adopting a strategy similar to that in Tshamba.

Given the potential for prejudice to the Police Defendants should this action proceed intact, see generally Dawson, 896 F. Supp. at 540 (noting the potential prejudice and conflicts inherent in trying § 1983 claims against individuals and municipalities/supervisors jointly), and this Court's practice of bifurcating § 1983 Monell and supervisory liability claims, the Court will grant the Police Defendants' Motion. The Court will also grant a stay of discovery only with respect to the issues relevant to Plaintiffs' case against the Police Defendants. A separate period of discovery as to Plaintiffs' claims against the Police Defendants will be permitted pending the results of the first trial.

Accordingly, IT IS this 3rd day of April, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Bifurcate filed by Defendants Baltimore City Police Department and Baltimore City Police Commissioner Anthony Batts, ECF No. 46, is GRANTED;

2. Discovery as it relates to Plaintiffs' claims against

   Defendants Baltimore City Police Department and Baltimore

   City Police Commissioner Anthony Batts is STAYED; and

3. The Clerk of Court shall transmit copies of this

   Memorandum and Order to all counsel of record.


                                        /s/
                           _____
                           William M. Nickerson
                           Senior United States District Judge