IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAYMOND GRAY | * |
| by Carolyn Gray, Guardian of the | * |
| Person and Property of Raymond Gray | * |
| and | * |
| RAYMOND GRAY AND SHERI GRAY | * |
| | * |
| Plaintiffs | * |
| vs. | * |
| | * |
| OFFICER WILLIAM SCOTT KERN | * |
| and | * |
| OFFICER EFREN EDWARDS | * |
| and | * |
| COMMISSIONER ANTHONY BATTS | * |
| and | * |
| BALTIMORE POLICE DEPARTMENT | * |
| Serve on: Anthony Batts, | * |
| and | * |
| BALTIMORE COUNTY, MD | * |
| and | * |
| BALTIMORE COUNTY | * |
| POLICE DEPARTMENT / | * |
| BALTIMORE COUNTY | * |
| and | * |
| MAYOR & CITY COUNCIL OF | * |
| BALTIMORE | * |
| and | * |
| MAJ. ERIC RUSSELL | * |
| Individually and in his official capacity | * |
| c/o Patrick McKevitt, Esq. | * |
| Whiteford, Taylor & Preston | * |
| 7 St. Paul Street | * |
| Baltimore, MD 21202 | * |
| | * |
| Defendants | * |

*******************************************************************

**AMENDED COMPLAINT AND
DEMAND FOR A JURY TRIAL**

Now come the Plaintiffs, RAYMOND GRAY, by Carolyn Gray, Guardian of the

Person and Property of Raymond Gray and RAYMOND GRAY and SHERI GRAY, by

1

and through their attorneys A. Dwight Pettit and Law Offices of A. Dwight Pettit, P.A. and Allan B. Rabineau, and hereby sue the above named Defendants and state as follows:

## PARTIES

1.      Plaintiff, RAYMOND GRAY, is and was at all times relevant to this action a 43-year-old police officer trainee with the University of Maryland Police force and was, as set forth herein, the victim of institutional, governmental and individual negligence, gross negligence, constitutional violations and reckless endangerment which resulted in past, present and future permanent injuries and damages.

2.      Plaintiffs RAYMOND GRAY and SHERI GRAY, are and were at all times relevant to this action Husband and Wife, and bring a joint action for loss of consortium as set forth below.

3.      Defendants OFFICER WILLIAM SCOTT KERN ("Kern"), the shooter, MAJ. ERIC RUSSELL ("Russell") OFFICER EFREN EDWARDS ("Edwards") and other Defendants who were present at the training exercise but whose identities have not yet been disclosed were at all times relevant hereto Baltimore Police Officers, employees and agents of the Baltimore Police Department ("BPD"), and members of the BPD who regularly work, reside, are located and conduct police business in Baltimore City.   At all relevant times herein, the aforesaid Defendants were acting individually and/or within the scope of their official capacity as Baltimore Police Officers and were acting under color of law.

4.      Defendant Edwards is a member of an elite squad providing security detail for Co-Defendant Commissioner Batts, and Edwards is and was regularly in close contact with the Commissioner since his appointment to this special force.   Also, Defendant

Russell was in the training command at the BPD and was believed to have been regularly in close contact with the Commissioner. Defendants Russell and Kern were both expert, veteran trainers.

     5.     Defendant COMMISSIONER ANTHONY BATTS ("Batts") was and is the Police Commissioner of the Baltimore Police Department where his duties included the supervision of, Defendants Russell, Edwards, Kent and/or others at the time of the events described herein. Along with Co-Defendants, Batts is participating in the investigation of the events detailed herein and, at the time of the shooting, he had supervisory powers and responsibilities with regard to effectuating, enacting, maintaining and promoting policies, procedures and measures aimed at curbing dangerous police training practices, patterns and customs. At the time of the occurrence and for a period of time prior thereto, Batts and/or other Defendants tolerated, acquiesced and permitted an environment of regular abuses of discretion by high-ranking training officers close to Batts, including the use of live weapons in training situations contrary to police policies and procedures and BPD training manual directives. Upon information and belief, shooting training exercises, such as the present, were occurring with sufficient regularity so as to constitute a pattern and practice of delegating, permitting, acquiescing and/or tolerating the usurpation of control of such training from high-level training officers/veterans with regard to where, when and how to conduct training exercises and/or whether to permit loaded or unloaded service weapons during training exercises. Batts and other Defendants are also sued herein for tolerating, permitting, acquiescing in, and not properly disciplining, monitoring or otherwise curbing these known abuses and Defendants' and other officers' non-compliance with pre-existing procedures and policies

3

regarding training. These acts and omissions on the part of Batts and other Defendants, both individually and by government officials and municipalities, constituted a pattern and/or practice of misconduct on their part, both individually and collectively. Defendant Batts is sued individually and/or in his official capacities as Police Commissioner and as a member of the Maryland Police and Correctional Training Commission.

6. Defendant BALTIMORE POLICE DEPARTMENT ("BPD") is a fully operational police department, has strong practical links to and was, at all times relevant to this action, acting under the auspices of Defendant, Mayor & City Council of Baltimore, and Defendant Batts. The Mayor appoints the Commissioner of the Police Department with the advice and consent of the City Council. The City Council holds hearings on Police Department policies and sets the Police Department budget. At all times relevant herein, BPD exercised control over and influenced the policies, practices and customs of its police force, as well as the training, supervision, control and discipline of its police officers. BPD is and was the employer of Defendants Kern, Russell, Edwards and Batts. At all times relevant herein, BPD was responsible for the actions and omissions of its' Officers with respect to the events detailed herein. Furthermore, BPD, through the Department's Commissioner, Defendant ANTHONY BATTS, is responsible for the events described herein because the Department did not have adequate practices and procedures in place for planning, conducting and communicating with other agencies regarding training exercises and the locations thereof and because the Department failed to comply with practices and procedures in place with regard to protecting trainees, assessing and communicating with other law enforcement agencies regarding training locations and exercises and conducting such exercises in a controlled and safe manner and environment.

7.     Defendant, BALTIMORE COUNTY, MD, is categorized under Maryland law as a local government and is responsible for the actions of Defendant, BALTIMORE COUNTY POLICE DEPARTMENT, ("BCPD"), its agents, servants and/or employees, and is a fully operational police department.  At all times relevant herein, these Defendants were responsible for the actions and omissions of their police officers with respect to the events detailed herein.  These Defendants are responsible for the events descried herein because they did not have adequate practices and procedures for monitoring, planning, conducting and communicating with other agencies with respect to training exercises and the locations thereof and they failed to comply with practices and procedures in place with regard to protecting officers and trainees and assessing and communicating with other law enforcement agencies regarding training exercises, including their location.

8.     Defendant MAYOR AND CITY COUNCIL OF BALTIMORE ("M&CC") is the governing authority of Baltimore City, which is categorized as a municipality in the State of Maryland empowered to carry out certain governmental functions within its geographic limits and may sue and be sued in its own name for torts committed by its agents and employees.  Under the Local Tort Claims Act, Maryland Courts and Judicial Proceedings Section 5-301 *et seq.*, the City may also be sued in its own name for torts committed by its agents and employees.  The Defendant, M&CC, was at all times relevant a municipal corporation and at all times relevant to this action, a governmental entity.  The M&CC at all times relevant to facts pertaining to this case exercised control over and influenced the polices, practices and customs of the police department, as well as the training, supervision, control and discipline of Baltimore police officers.  The BPD is and was the employer of Defendants Kern, Russell, Edwards

5

and Batts. In addition, BPD acts or fails to act through its policy-making officials, including, but not limited to, the Mayor, members of the City Council, the Police Commissioner of the BPD and other high ranking members of the BPD, including colonels, majors, precinct captains, and lieutenants and sergeants engaged in supervision of police patrol activities; the acts and edicts of these policy making officials constitute the polices, practices and customs of Baltimore City. The M&CC appoints the Police Commissioner of Baltimore City and retains the power to remove the Commissioner for acts of misconduct, malfeasance, inefficiency, or incompetence. The Mayor also directly controls the actions of the Police Commissioner and the BPD through the issuance of "executive orders". In addition, the M&CC pays the salary of the Commissioner and all other employees of the BPD.

9. At all times relevant and in all of their actions described herein, all Defendants were acting under color of law, state authority, statute, custom or usage and pursuant to their official capacity.

**NOTICE**

10. Plaintiffs filed the requisite Notice of Claim letters with the City Solicitor of Baltimore, the County Attorney of Baltimore County and the Treasurer of the State of Maryland. The Defendants have, in effect, denied these claims and the commencement of this suit is necessary to begin discovery and to prevent the potential of any further withholding, concealment or manipulation of facts.

**FACTS COMMON TO ALL COUNTS**

11. Plaintiffs incorporate as if fully stated herein all of the preceding allegations, and further allege as follows:

12. In the late morning/early afternoon of February 12, 2013, Plaintiff Gray was taken by Defendants Russell, Kern, Edwards and/or other high-ranking training command or veteran officers to the abandoned Rosewood Facility in Owings Mills, Maryland with other trainees for a training exercise conducted by Defendants, Officer Kern, a BPD 15-year veteran training expert, Defendant Maj. Russell, a veteran commanding officer close in the chain of command to Commissioner Defendant Batts and, at that time, Chief of the BPD's training academy, and Defendant Edwards, a 25 year veteran of the BPD specially assigned to Commissioner Defendant Batt's Executive Security Detail and others to be identified at a later date who are also believed to have had similarly close ties to Defendant Batts.

13. At the time of this training outing, the Rosewood Facility was a dangerous, uncontrolled, unsecure and unsafe location for Defendants' style of training exercises much less any type of firearms training since there were many old windows which posed the risk of shattering upon impact from any type of ammunition or practice ammunition e.g. air paint munitions. There was also an abundance of metal, trash, rusty fixtures, appliances and other dangerous debris strewn in and around the old abandoned structures and facility which presented unreasonable risks to trainees and officers. Notwithstanding the unreasonableness of utilizing the Rosewood Facility for training exercises, the abandoned facility was regularly used by state and local law enforcement officials, irrespective of the perilous conditions, for specialized and recruit training, including the use of the facility by the Defendants who were present at the time of the occurrence. These persons included BPD Officers, Baltimore County Police Officers, and/or others, who had, upon information and belief, been regularly shooting at this

location on training exercises for some time following the facility's closure and abandonment approximately five (5) years prior.

14. Upon arriving at Rosewood, the Defendants began training exercises. Upon information and belief, the Defendants who were present at the site had their loaded service weapons in their possession at all times during this exercise and each and all of the Defendants present at the aforesaid training exercise knew or should have observed that each and all of them, especially Defendant Kern, one of the training experts and high-ranking officers present, was inappropriately carrying his loaded service weapon in the course of a training exercise with the trainees. In fact, upon information and belief, this type of informal exercise at the old abandoned facility was common among law enforcement officials prior to the separate incidents and occurrences of malfeasance and nonfeasance described herein despite the inherent risk to individuals in the vicinity.

15. As the training exercise ensued, Defendants Kern, Russell and Edwards and other non-identified Defendants/veteran training officers present, who were acting at all times herein as agents, servants and employees of the BPD and/or BCPD, elected to have the trainees go behind a window inside of a building at the facility while they were targeted as part of the exercise.

16. At that aforesaid date, time and place, Defendant Kern, stood outside of a window and recklessly and carelessly pointed his weapon in the direction of the Plaintiff, Raymond Gray, and other trainees and then intentionally or negligently fired his service weapon at the Plaintiff's head, thereby causing the Plaintiff permanent, serious, disabling, debilitating and life threatening injury. The Plaintiff remains hospitalized to this date.

17.   Defendant Kern's conduct was attributable to the grossly negligent, negligent, careless and/or reckless actions and inactions of each of the Co-Defendants, including Defendants Russell, Edwards and other Defendants/Officers on the scene who had all elected to engage in this type of training exercise.

18.   In addition to having vicarious liability for the acts and omissions of Defendant Kern and the other Defendants on the scene, the BPD, BCPD, M&CC and other non-individual Co-Defendants in this case and their supervising directors are each directly liable for each incident of each agency's negligence and gross negligence in acting and/or failing to act to put in place or adhere to any sufficient, adequate or effective procedures, practices, measures, customs or practices to (i) limit the unfettered discretion of high-ranking training officers conducting, planning and executing training exercises, (ii) provide effective oversight of training exercises at the Rosewood property, (iii) promote effective communication through appropriate channels among the Departments, Commissions and Agencies all in some way involved with and having a hand in the conduct of police training exercises at Rosewood, and (iv) ensure reasonable safety for officer trainees such as the Plaintiff while in training.  These actions and omissions constituted a pattern or practice of misconduct.

19.   At the time he was shot, Plaintiff Gray, along with other trainees, relied upon and trusted the expertise and lengthy experience of the high-ranking officer Defendants present and those in charge of overseeing Defendants' conduct, protocol, procedures, patterns and practices with respect to training exercises.

20.   Upon information and belief, Defendants all had and have knowledge of the illegal and unjustifiable circumstances surrounding the shooting, as well as the

personal histories of those directly involved, but nonetheless, have denied much of the illegality and unconstitutionality of what occurred in order to protect their officers and themselves from public scrutiny by covering-up their conduct.

### Count I – False Imprisonment

21. Plaintiff, Raymond Gray, incorporates as if fully stated herein all of the allegations contained in preceding Paragraphs.

22. The actions of the defendants through the use of force resulted in the intentional restriction without legal justification of the freedom of movement of the plaintiff without his consent.

23. The actions of the defendants have resulted in depriving the plaintiff of his liberty without lawful justification.

24. The actions of the Defendants were unjustifiable and without probable cause.

WHEREFORE, Plaintiff RAYMOND GRAY, claims Thirty Million Dollars ($30,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from Defendants, jointly and/or severally, and such other and further relief to which Plaintiff may be entitled.

### COUNT II

### (Violation of Maryland Constitutional Rights)

25. Plaintiff, Raymond Gray, incorporates as if fully stated herein all of the allegations contained in preceding Paragraphs.

26. Defendants maliciously, intentionally, carelessly, recklessly, with gross negligence, wantonly, willfully, wrongfully, unreasonably, with reckless disregard for human life; and without justification assaulted, battered and detained; and/or otherwise

participated in the unlawful and unjustifiable assault, battery and detention of the plaintiff, Raymond Gray, in violation of his rights and privileges and immunities under the Maryland Declaration of Rights, including Articles 19, 24 and 26 or allowed these actions to occur as a result of their actions or omissions.

27. Defendants' actions, in assaulting and battering, and/or detaining the Plaintiff under the circumstances described herein, constituted unreasonable seizure of the Plaintiff and the use of force upon the Plaintiff by Defendants was excessive and unreasonable.

28. At all times described herein, the Defendants acted under color and pretense of law, and under color of statutes, customs and usages of the State of Maryland.

29. The conduct of the Defendants as described herein deprived the Plaintiff of the rights, privileges and immunities guaranteed him under Articles 19, 24 and 26 of the Maryland Declaration of Rights.

30. As a result of the Defendants' actions, the Plaintiff suffered physical and non-physical injury and the unjustifiable loss of his freedom, life and/or liberty.

31. All of the Plaintiff's injuries and damages are due solely to and by reason of the negligent and/or grossly negligent and/or malicious and/or willful and/or reckless and/or unreasonable and/or intentional and/or ill willed and/or wanton and/or grossly negligent acts and/or omissions of Defendants, directly and/or indirectly without any negligence or want of due care on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff RAYMOND GRAY, claims Thirty Million Dollars ($30,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00)

in punitive damages from the Defendants, jointly and/or severally, and such other and further relief to which Plaintiff may be entitled.

### **Count III – Battery**

32. Plaintiff, Raymond Gray, incorporates as if fully stated herein all of the allegations contained in preceding Paragraphs.

33. Defendants' conduct, as described herein, was undertaken deliberately, with actual malice; and constituted an intentional, offensive, and non-consensual touching of the Plaintiff.

34. As a result of the aforesaid acts and conduct of the Defendants, the Plaintiff was caused to suffer physical and/or non-physical injury; to sustain economic damages for the cost of medical treatment, and non-economic damages for the pain, suffering, anguish, fear, fright, humiliation, inconvenience, and embarrassment for the totality of events that he was forced to endure, and was in other ways damaged.

WHEREFORE, Plaintiff RAYMOND GRAY, claims Thirty Million Dollars ($30,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from Defendants, jointly and/or severally, and such other and further relief to which Plaintiff may be entitled.

### **Count IV – Assault**

35. Plaintiff, Raymond Gray, incorporates as if fully stated herein all of the allegations contained in preceding Paragraphs.

36. Defendants, by their conduct described herein, acted with the intent and capability to do bodily harm to the Plaintiff.

37. Defendants' actions were perpetrated unreasonably with ill-will and malice.

38.     Defendants' actions and conduct placed the Plaintiff in reasonable apprehension of an imminent harm.

39.     As a result of the aforesaid acts and conduct of the Defendants, the Plaintiff was caused to suffer physical and/or non-physical injury; to sustain economic damages for the cost of medical treatment, and non-economic damages for the pain, suffering, anguish, fear, fright, humiliation, inconvenience, and embarrassment for the totality of events that he was forced to endure, and was in other ways damaged.

**WHEREFORE, Plaintiff RAYMOND GRAY, claims Thirty Million Dollars ($30,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from Defendants, jointly and/or severally, and such other and further relief to which Plaintiff may be entitled. Count V— Intentional Infliction of Emotional Distress**

40.     Plaintiff, Raymond Gray, incorporates as if fully stated herein all of the allegations contained in preceding Paragraphs.

41.     Defendants' conduct was intentional or reckless and caused Plaintiff Gray to suffer emotional distress, which was severe

42.     Defendants' conduct was extreme and outrageous.

43.     All of the Plaintiff's claims are due solely to and by reason of the Defendants' intentional or reckless conduct

WHEREFORE, Plaintiff RAYMOND GRAY, claims Thirty Million Dollars ($30,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from Defendants, jointly and/or severally, and such other and further relief to which Plaintiff may be entitled.

**Count VI -- Gross Negligence**

44. Plaintiff, Raymond Gray, incorporates as if fully stated herein all of the allegations contained in preceding Paragraphs.

45. The actions of the Defendants constituted a wanton and reckless disregard of human life with a disregard of the consequences that might ensue as a result of their acts. Their actions further constituted an indifference to the rights of the Plaintiff and others.

46. As a direct and proximate result of the gross negligence of each and all of the Defendants, Plaintiff Gray was shot in the head, lost his eye, suffered a devastating traumatic brain injury and was caused other grievous bodily harm, distress, pain, suffering, anguish and was in other ways injured and damaged.

47. All of the Plaintiff's claims are due solely to and by reason of the grossly negligent and/or reckless acts and/or omissions of Defendants, without any negligence or want of due care on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff RAYMOND GRAY, claims Thirty Million Dollars ($30,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from all of the Defendants, jointly and/or severally, and such other and further relief to which Plaintiff may be entitled.

## Count VII – Negligence

48. Plaintiff, Raymond Gray, incorporates as if fully stated herein all of the allegations contained in preceding Paragraphs.

49. Defendants had a duty to take reasonable care not to harm the Plaintiff or other trainees or to violate their rights.

50. Defendants had a duty to maintain the premises at the Rosewood Facility in a reasonably safe condition under the circumstances where they knew or should have known it was being used for shooting practice, and to inspect, identify and cure any perilous conditions inherent in such condition with respect to such use of the premises.

51. Defendants knew or should have known that the aforesaid dangerous conditions existed and failed to take reasonable and proper measures to prevent unreasonably dangerous conduct at an unreasonably dangerous site or to adequately warn, protect or safeguard the Plaintiff and other trainees.

52. Defendants breached their duties by negligently, wantonly and recklessly failing to adopt and/or heed effective, proper and adequate procedures, policies, customs, measures and practices regarding oversight and communication as to trainee weapons exercises, and, by negligently and grossly negligently creating an environment where Edwards, Kern, Russell and other officers were led to believe they could conduct training exercises wherever and however they wanted.

53. That as a direct and proximate result of the negligence of Defendants, without any negligence of Plaintiff contributing thereto, Plaintiff was and will be injured and damaged.

54. All of the Plaintiff's claims are due solely to and by reason of the negligent acts and/or omissions of Defendants, without any negligence or want of due care on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff RAYMOND GRAY, claims Thirty Million Dollars ($30,000,000.00) in compensatory damages from all of the Defendants, jointly and/or severally, and such other and further relief to which Plaintiff may be entitled.

## COUNT VIII

**Plaintiff's Section 1983 Action**
**(Excessive Force)**

55.     Plaintiff, Raymond Gray, incorporates as if fully stated herein all of the allegations contained in preceding Paragraphs.

56.     At all times herein, Defendants were acting under cover of statutes, ordinances, regulations, customs and usage of the laws of the State of Maryland and as such constituted a violation of Title 42, Section 1983.  As a direct and proximate consequence of the conduct alleged herein, the Defendants deprived the Plaintiff of the following clearly established rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution;

       (a)     the right to be free from the use of excessive and unreasonable force and seizure;

       (b)     the right to be free from a deprivation of liberty without due process of law; and

       (c)     the right to be free from summary punishment.

**WHEREFORE,** Plaintiff requests that this Court:

A.     Declare that the Defendants are liable to the Plaintiff, jointly and severally, for depriving the Plaintiff of one or more of his constitutional rights;

B.     Award to the Plaintiff Thirty Million Dollars ($30,000,000.00) as compensatory damages for the deprivation of one or more of his constitutional rights and for the physical and emotional pain and suffering which he experienced and will continue to experience in the future;

C.   Award to the Plaintiff such punitive damages as are just and appropriate under the circumstances against each Defendant; and

D.   Grant such other and further relief as law and equity allows, including costs and reasonable attorney's fees pursuant to 42 U.S.C. Section 1988.

## COUNT IX

### Plaintiff's Section 1983 Action
### (Deprivation of Federal Rights)

57.   Plaintiff, Raymond Gray, incorporates as if fully stated herein all of the allegations contained in preceding Paragraphs.

58.   The conduct of Defendants caused the Plaintiff to be deprived of rights, privileges and/or immunities secured by the Constitution and the laws of this land.

59.   At all times herein, Defendants were acting under cover of statutes, ordinances, regulations, customs and usage of the laws of the State of Maryland and as such constituted a violation of Title 42, Section 1983.

**WHEREFORE,** Plaintiff requests that this Court:

A.   Declare that each of the Defendants who participated in any way in the cover up of the Plaintiff's Title 42, Section 1983 causes of action is liable to the Plaintiff in money damages for that conduct;

B.   Award to the Plaintiff Thirty Million Dollars ($30,000,000.00) as compensatory damages for the deprivation or attempt to deprive him of his Section 1983 causes of action;

C.   Award to the Plaintiff such punitive damages as are just and appropriate under the circumstances against each Defendant; and

D. Grant such other and further relief as law and equity allows, including costs and reasonable attorney's fees pursuant to 42 U.S.C. Section 1988.

## COUNT X

### Plaintiff's Section 1983 Action
### (Failure to Train Under Monell)

60. Plaintiff, Raymond Gray, incorporates as if fully stated herein all of the allegations contained in preceding Paragraphs.

61. The conduct of Defendants, BPD, BCPD, and M&CC, in failing to properly train Defendants Kern, Edwards, Russell and other police officers including high-ranking, command level and/or veteran training officers caused the Plaintiff to be deprived of rights, privileges and/or immunities secured by the Constitution and the laws of this land.

62. At all times herein, Defendants were acting under cover of statutes, ordinances, regulations, customs and usage of the laws of the State of Maryland and as such constituted a violation of Title 42, Section 1983.

**WHEREFORE,** Plaintiff requests that this Court:

A. Declare that each of the Defendants who participated in any way in the cover up of the Plaintiff's Title 42, Section 1983 causes of action is liable to the Plaintiff in money damages for that conduct;

B. Award to the Plaintiff Thirty Million Dollars ($30,000,000.00) as compensatory damages for the deprivation or attempt to deprive him of his Section 1983 causes of action;

C. Award to the Plaintiff such punitive damages as are just and appropriate under the circumstances against each Defendant; and

D.     Grant such other and further relief as law and equity allows, including costs and reasonable attorney's fees pursuant to 42 U.S.C. Section 1988.

## COUNT XI

### (Loss of Consortium)

63.     Plaintiffs, Raymond Gray and Sheri Gray, Jointly as Husband and Wife, incorporate as if fully stated herein all of the allegations contained in preceding Paragraphs.

64.     That as a result of the aforesaid negligence of the Defendants named above, the plaintiffs, Raymond Gray and Sheri Gray, jointly as husband and wife, were, are and will be caused to suffer the loss of each other's society and companionship, the loss of affection to each other, the loss of the husband's and wife's assistance to each other, the loss and damage to the intangible association that marriage brings and further damages to their marital relationship as a result of the injuries sustained by the plaintiff, Raymond Gray; and further that the plaintiffs, Raymond Gray and Sheri Gray, jointly as husband and wife, will continue in the future to suffer the above losses and damages as a result of the permanency of the injuries to the plaintiff, Raymond Gray.

65.     That all of the damages and injuries sustained by the plaintiffs, Raymond Gray and Sheri Gray, jointly as husband and wife, are a direct and proximate result of the negligence of the defendants named without any negligence of the plaintiffs contributing thereto.

WHEREFORE, Plaintiffs, RAYMOND GRAY and SHERI GRAY, Jointly as Husband and Wife, claim Thirty Million Dollars ($30,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from all of the

Defendants, jointly and/or severally, and such other and further relief to which Plaintiffs may be entitled.

                                    Respectfully submitted,

                                    _____
                                    A. DWIGHT PETTIT
                                    A. Dwight Pettit, P.A.
                                    3606 Liberty Heights Avenue
                                    Baltimore, Maryland 21215
                                    (410) 542-5400
                                    Attorneys for Plaintiffs

                                    _____
                                    ALLAN B. RABINEAU
                                    World Trade Center
                                    401 E. Pratt Street, Suite 2252
                                    Baltimore, Maryland 21202
                                    (410) 837-9150
                                    Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

The Plaintiffs request that the above captioned case be tried with the aid of a jury.

                                  _____
                                  Allan B. Rabineau