IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND GRAY, *et al.*                              *

    Plaintiffs                                *

    v.                                        *     Case No:    1:13-cv-02270 WMN

OFFICER SCOTT KERN, *et al.*                        *

    Defendants                                *

   *    *    *    *    *    *    *    *    *    *    *

## ANSWER OF DEFENDANT ERIC RUSSELL

Defendant Major Eric Russell ("Defendant" or "Major Russell"), by and through his undersigned counsel, hereby answers Plaintiffs' Amended Complaint as follows:

## PARTIES

1.      To the extent Paragraph 1 of the Amended Complaint contains conclusions of law, no response is required.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any factual allegations contained in this paragraph of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

2.      To the extent Paragraph 2 of the Amended Complaint contains conclusions of law, no response is required.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any factual allegations contained in this paragraph of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

3.      To the extent Paragraph 3 of the Amended Complaint contains conclusions of law, no response is required.  Defendant was employed by the Baltimore Police Department during the time frame referenced in the Amended Complaint. Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any factual allegations contained in this paragraph of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

4.      Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint.

5.      To the extent Paragraph 5 of the Amended Complaint contains conclusions of law, no response is required.  Defendant admits that Anthony W. Batts is the current Commissioner of the BCD.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 5 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

6.      To the extent Paragraph 6 of the Amended Complaint contains conclusions of law, no response is required.  Defendant was employed by the Baltimore Police Department during the time frame referenced in the Amended Complaint. Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining allegations contained in this paragraph of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

7.      To the extent Paragraph 7 of the Amended Complaint contains conclusions of law, no response is required.  Defendant was employed by the Baltimore Police Department during the time frame referenced in the Amended Complaint. Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any remaining factual allegations contained in this paragraph of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

8.      To the extent Paragraph 8 of the Amended Complaint contains conclusions of law, no response is required.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any factual allegations contained in this paragraph of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

9.      Paragraph 9 of the Amended Complaint contains conclusions of law, to which no response is required.

## NOTICE

10.      To the extent Paragraph 10 of the Amended Complaint contains conclusions of law, no response is required.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

## FACTS COMMON TO ALL COUNTS

11.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-10 of the Amended Complaint.

12.     Defendant admits that Plaintiff was present for a training exercise at the Rosewood Facility on February 12, 2013. Defendant otherwise denies the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Paragraph 13 of the Amended Complaint contains conclusions of law, to which no response is required. To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the factual allegations contained in Paragraph 13 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

14.     Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Paragraph 16 of the Amended Complaint contains conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that Defendant Kern fired his service weapon at the Plaintiff's head. Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 16 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

17.     Paragraph 17 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Paragraph 18 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the factual allegations contained in Paragraph 18 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

19.     Paragraph 19 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the factual allegations contained in Paragraph 19 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

20.     Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the factual allegations contained in Paragraph 20 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

## COUNT I – FALSE IMPRISONMENT

21.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-20 of the Amended Complaint.

22.     Paragraph 22 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 22 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

23.     Paragraph 23 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 23 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

24.     Paragraph 23 of the Amended Complaint contains conclusions of law, to which no response is required.

**COUNT II – VIOLATIONS OF MARYLAND CONSTITUTIONAL RIGHTS**

25.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-24 of the Amended Complaint.

26.     Paragraph 26 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies

the allegations contained in Paragraph 26 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 26 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

27.     Paragraph 27 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 27 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

28.     Paragraph 28 of the Amended Complaint contains conclusions of law, to which no response is required.

29.     Paragraph 29 of the Amended Complaint contains conclusions of law, to which no response is required.

30.     Defendant admits that Plaintiff suffered physical injury.  Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 30 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

31.     Paragraph 31 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the factual allegations contained in Paragraph 31 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

## <u>COUNT III – BATTERY</u>

32.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-31 of the Amended Complaint.

33.     Paragraph 33 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 33 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

34.     Defendant admits that Plaintiff suffered physical injury and incurred expenses for the cost of medical treatment.  Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 34 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

## COUNT IV – ASSAULT

35.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-34 of the Amended Complaint.

36.     Paragraph 36 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 36 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

37.     Paragraph 37 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 37 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

38.     Paragraph 38 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph

38 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

39.     Defendant admits that Plaintiff suffered physical injury and incurred expenses for the cost of medical treatment.  Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 39 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-39 of the Amended Complaint.

41.     Paragraph 41 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 41 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

42.     Paragraph 42 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint that are directed

at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 42 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

43.     Paragraph 43 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 43 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

## <u>COUNT VI – GROSS NEGLIGENCE</u>

44.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-43 of the Amended Complaint.

45.     Paragraph 45 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 45 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

46.     Paragraph 46 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint that are directed at him.  Defendant admits that Plaintiff Gray was shot in the head.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 46 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

47.     Paragraph 47 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 47 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 47 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

## COUNT VII –NEGLIGENCE

48.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-47 of the Amended Complaint.

49.     Paragraph 49 of the Amended Complaint contains conclusions of law, to which no response is required.

50.     Paragraph 50 of the Amended Complaint contains conclusions of law, to which no response is required.

51.     Paragraph 51 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 51 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

52.     Paragraph 52 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 52 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

53.     Paragraph 53 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph

53 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

54.     Paragraph 54 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 54 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

### COUNT VIII – § 1983/EXCESSIVE FORCE

55.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-54 of the Amended Complaint.

56.     Paragraph 56 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 56 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

## COUNT IX – § 1983/FAILURE TO TRAIN

57.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-56 of the Amended Complaint.

58.     Paragraph 58 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 58 of the Amended Complaint that are directed at him.  Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of the remaining factual allegations contained in Paragraph 58 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

59.     Paragraph 59 of the Amended Complaint contains conclusions of law, to which no response is required.

## COUNT X – § 1983/DEPRIVATION OF FEDERAL RIGHTS

60.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-59 of the Amended Complaint.

61.     Paragraph 61 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any factual allegations contained in Paragraph 61 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

62.     Paragraph 62 of the Amended Complaint contains conclusions of law, to which no response is required.

## COUNT XX – LOSS OF CONSORTIUM

63.     Defendant adopts and incorporates herein by reference his response to Paragraphs 1-62 of the Amended Complaint.

64.     Paragraph 64 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any factual allegations contained in Paragraph 64 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

65.     Paragraph 65 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant is without knowledge and information sufficient to enable him to form a belief as to the truth of any factual allegations contained in Paragraph 65 of the Amended Complaint and he therefore denies same and demands strict proof of the allegations.

## GENERAL DENIAL

Defendant enters a general denial of liability with respect to the Plaintiffs' Amended Complaint.  Any factual allegation in Plaintiffs' Amended Complaint not specifically admitted above is hereby denied.  Defendant demands strict proof of each and every aspect and element of the claims brought against him by Plaintiffs.

**DEFENSES**

1.      The Amended Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred by the doctrine of qualified immunity.

3.      Defendant committed no acts or omissions that breached any duty owed to Plaintiffs or violated any of Plaintiffs' legal rights.

4.      Plaintiffs' claims are barred by the Local Government Tort Claims Act (Md. Code Ann., Cts. & Jud. Proc., § 5-301 *et seq.*).

5.      Defendant's actions were undertaken as a proper and justified exercise of his discretion and authority as a police officer.

6.      Plaintiffs' alleged injuries and damages were not proximately caused by any alleged act or omission on the part of Defendant.

7.      Any injuries or damages sustained by Plaintiffs were caused solely by her own acts and omissions.

8.      Plaintiffs's damage claims are limited by applicable law, including Md. Code Ann., Cts. & Jud. Proc. § 5-301 *et seq.* and Md. Code Ann., State Gov't § 12-101 *et seq.*

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of the risk.

10.     Plaintiffs' claims are or may be barred by waiver.

11.     Defendants reserve the right to amend this Answer to add any other affirmative or negative defense available in law or fact.

WHEREFORE, Defendant, Major Russell, respectfully requests that the Amended Complaint be dismissed with prejudice and that Defendant be awarded such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

/s/ *Thurman W. Zollicoffer, Jr.*
Thurman W. Zollicoffer, Jr. (Bar # 23256)
tzollicoffer@wtplaw.com
Patrick D. McKevitt (Bar #30078)
pmckevitt@wtplaw.com
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street, Suite 1300
Baltimore, Maryland  21202-1636
410-347-8700
*Attorneys for Defendant,*
  *Major Eric Russell*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **28th** day of **May, 2014**, a copy of the foregoing Answer was served on the following via the Court's EFC system, which will send notification of such filing to the following:

Allan B. Rabineau
401 East Pratt Street, Suite 2252
Baltimore, MD  21202

A. Dwight Pettit
A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, MD  21215
*Counsel for Plaintiffs*

Chaz R. Ball
Schlachman Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, MD  21202
*Counsel for Defendant Officer William Scott Kern*

Paul M. Mayhew
Assistant County Attorney
400 Washington Avenue
Towson, MD  21204
*Counsel for Defendants Baltimore County, Maryland and
Baltimore County Police Department*

Matthew W. Nayden
Baltimore City Law Department
100 N. Holliday Street
Baltimore, MD  21202
*Counsel for Defendant Mayor and City Council of Baltimore*

_____/s/_____
Patrick D. McKevitt