## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RAYMOND GRAY, et al** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. WMN-13-2270** |
| | : | |
| **OFFICER WILLIAM SCOTT KERN,** | : | |
| **et al** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

. . . . . . . . . . . . . . . . . .

## DEFENDANT, BALTIMORE COUNTY'S
## RENEWED MOTION FOR SUMMARY JUDGMENT

Defendant, Baltimore County, by undersigned counsel and pursuant to Fed. R.

Civ. P. 56 respectfully moves the Court for an Order granting it Summary Judgment on

all claims and as grounds states:

1.    On August 22, 2013 Baltimore County filed a motion for summary

judgment supported by a Memorandum of Points and Authorities, exhibits, and sworn

affidavits. (ECF 24, 24-1 through 24-5) In its motion and supporting exhibits (hereby

reincorporated) the County argued that it was entitled to judgment on all claims because:

a) the County does not own the Rosewood facility; b) although Baltimore County Police

department tactical and K9 units occasionally use the Rosewood facility for training, no

County personnel were present at the scene of this shooting or otherwise involved in this

1

training session; and, the County is shielded from directly liability by the doctrine of governmental immunity.

2.      On September 9, 2013 the plaintiffs responded by filing a "motion for order deferring the time to respond to defendant, Baltimore County's Rule 56 motion for summary judgment and attached Rule 56(d) affidavit. (ECF 29) In this paper plaintiffs' counsel averred that they needed to conduct discovery in order to test the accuracy of the exhibits and affidavits the County had submitted in support of its motion for summary judgment.

3.      On January 7, 2014 the Court issued a lengthy memorandum and Order. (ECF 39 and 40, respectively). In its memorandum the Court explained that the County was entitled to summary judgment on Counts I through VII of the Complaint because further discovery would not enable plaintiffs to overcome the County's motion for summary judgment on these Counts. The Court, however, granted plaintiffs' request to stay a decision on the remaining Counts pending discovery, stating that "[a]lthough the Court has some doubts regarding Baltimore County's liability as to the remaining counts, summary judgment is simply not appropriate at this stage of the litigation."

4.      Discovery is now complete and plaintiffs have failed to refute any of the sworn evidence submitted in support of Baltimore County's motion for summary judgment.[1] At deposition defendants William Kern and Major Eric Russell, and fact

---

[1] On May 27, 2014 Plaintiffs filed an Amended Complaint but it did not state any new facts or assert any new claims against Baltimore County. (ECF 67) Plaintiffs stipulated to a dismissal of

witness, Officer Effren Edwards, confirmed that no Baltimore County personnel were at the scene of the shooting or otherwise involved in the City's training exercise. *See,* Kern depo. transcript at 44-45, attached as Exhibit 1; Russell transcript at 36, attached as Exhibit 2, and Edwards transcript at 69-72, attached as Exhibit 3. Officer Edwards was the only one that had any contact with anyone from Baltimore County and that was limited to a phone call he made to Baltimore County Officer James Bossi – a former colleague on the City department. Officer Edwards was looking for a training facility to use for a couple days and Bosse provided him with the contact information for the person who managed the Rosewood facility for the state. *See,* Edwards depo. transcript at 70-72. Officer Edwards also confirmed the sworn testimony of Colonel Peter Evans of the Baltimore County Police Department, (ECF 24-3, ¶ 3-4) that the only other County personnel that had anything to do with this incident were Baltimore County detectives who responded to the scene and conducted witness interviews before turning the investigation over to the Maryland State Police. *See,* Edwards depo transcript at 72-73.

5.     Plaintiffs chose not to depose any Baltimore County personnel, including Colonel Peter Evans and Officer Christopher Davies, who have submitted affidavits in support of the County's motion for summary judgment. As a result, their sworn testimony is unrebutted. Further, plaintiffs have not discovered any evidence that contradicts the County's assertion that the Rosewood facility is owned by the State of Maryland.

---

the claims against the Baltimore County Police Department (ECF 72) and Baltimore County filed its Answer to the Amended Complaint on May 29, 2014 (ECF 70).

6.    In sum, the undisputed material facts establish that Baltimore County is entitled to judgment on all remaining claims.

WHEREFORE, Defendant, Baltimore County, Maryland respectfully moves the Court for an Order granting it Summary Judgment on all remaining claims.


Respectfully submitted,


_____/s/_____
PAUL M. MAYHEW
Assistant County Attorney
Trial Bar # 22210
400 Washington Avenue
Towson, MD 21204
410-887-4420
Attorney for Baltimore County

**Electronically Filed:  March 9, 2015**