IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND GRAY, *et al.*                          *

    Plaintiffs                          *

    v.                          *     Case No:        1:13-cv-02270 WMN

OFFICER SCOTT KERN, *et al.*                          *

    Defendants                          *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM IN SUPPORT OF DEFENDANTS OFFICER EFREN EDWARDS AND MAJOR ERIC RUSSELL'S MOTION FOR SUMMARY JUDGMENT

Officer William Kern accidentally shot Mr. Gray during a police training exercise.  It is undisputed that Officer Kern shot Mr. Gray.  (Kern Dep. 5:21-6:2).[1]  It is undisputed that Officer Edwards ***did not*** shoot Mr. Gray.  It is undisputed that Major Russell ***did not*** shoot Mr. Gray.  There are no allegations to the contrary.  *See* (Amd. Compl., ECF No. 67, at ¶ 16).  Nine of the ten claims against Officer Edwards and Major Russel require an intentional act (or intentional failure to act), which is lacking.  *See* (Amd. Compl., ECF No. 67, at Counts 1-6; 8-9; 11).  Defendants are entitled to immunity on the remaining claim for negligence.  (*Id.* at Count 7).  Accordingly, Officer Edwards and Major Russell are entitled to judgment as a matter of law on all claims.[2]

## RELEVANT FACTUAL BACKGROUND

---

[1]    Excerpts from Officer Kern's December 11, 2014 (hereafter, "(Kern Dep. __)") are attached as *Exhibit A*.

[2]    Officer Edwards and Major Russell adopt and incorporate the additional arguments raised in Defendant Kern's motion for summary judgment (ECF No. 78) and reply memorandum (ECF No. 82) to the extent they are not inconsistent with positions taken by Officer Edwards and Major Russell.

Officer Kern shot Mr. Gray. (Kern Dep. 5:21-6:2). Officer Edwards did not shoot Mr. Gray. Major Russell did not shoot Mr. Gray. (*Id.*). On these three undisputed facts, the Court can enter judgment in favor of Officer Edwards and Major Russell. To the extent additional facts are instructive, Defendants incorporate the statement of facts cited in Officer Kern's motion for summary judgment (ECF No. 78-1 at 2-5) and Plaintiffs' opposition. (ECF No. 79-1 at 3-8).

Two additional facts bear emphasizing. *First,* Officer Edwards, while present at the Rosewood facility at the time of the shooting, was with another group of trainees on the opposite end of the building on a different floor than Mr. Gray and Officer Kern. (Edwards Dep. 40:17-41:5).[3] *Second,* Major Russell was not even present at the Rosewood facility on the day of the accident. (Russell Dep. 8:19-9:9).[4] From these distant vantage points, it cannot be argued credibly that Officer Edwards or Major Russell exerted any influence on the incident that resulted in Mr. Gray being shot..

## STANDARD OF DETERMINATION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The facts must be construed in the light most favorable to the non-moving party, who bears the burden to show that there is no dispute as to any material fact. Fed. R. Civ. P. 56(c); *Catawaba*

---

[3]      Excerpts from Officer Kern's January 16, 2015 (hereafter, "(Edwards Dep. __)") are attached as *Exhibit B.*

[4]      Excerpts from Major Russell's January 16, 2015 (hereafter, "(Russell Dep. __)") are attached as *Exhibit C.*

*Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992).  If the moving party sufficiently asserts that there is no dispute of material fact, the non-moving party may defeat summary judgment by attaching affidavits or other admissible evidence which displays such a dispute.  *Anderson*, 477 U.S. at 256.

## ARGUMENT

Plaintiffs have asserted eleven claims against Officer Edwards and Major Russell for alleged violations of the United States Constitution and the Maryland Declaration of rights, common law intentional torts, negligence, and gross negligence.  The majority of these claims are deficient due to the absence of any intentional act by either Officer Edwards or Major Russell.  Defendants are entitled to judgment on Plaintiffs' common law intentional tort claims (assault, battery, false arrest, and intentional infliction of emotional distress) because neither committed any intentional act that caused Mr. Gray harm.  Plaintiff's federal constitutional claims (§ 1983 – 4th and 14th Amendment violations) fail because Defendants did not seize, apply force to, or injure Mr. Gray.  The Maryland Constitutional claim (Articles 19, 24, and 16), which are interpreted *in pari materia* with Plaintiffs' federal constitutional claims, likewise fail due to the absence of an intentional act of seizure or force.  Similarly, liability for gross negligence requires an intentional act or failure to perform a manifest duty.

Finally, Plaintiffs cannot state a *prima facie* claim for negligence against Officer Edwards or Major Russell, but in any event these Defendants are entitled to immunity in the performance of their official duties.

## I.     Officer Edwards and Major Russell are Entitled to Summary Judgment on Count 1 (False Imprisonment), Count 2 (Battery), Count 4 (Assault), and Count 11 (Intentional Infliction of Emotional Distress).

False imprisonment, battery, and assault are intentional torts, *Okwa v. Harper*, 360 Md. 161, 189–90 (2000), *Janelsins v. Button*, 102 Md.App. 30, 44 (1994), as is intentional infliction of emotional distress. *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 58 (1986). The record reveals no intentional act by Officer Edwards or Major Russell that resulted in physical contact with Mr. Gray, apprehension of physical contact, or a deprivation of his liberty. Accordingly, Officer Edwards and Major Russell are both entitled to summary judgment on all of the common law intentional torts asserted against them (Counts 1, 2, 4, and 11).

## II.    Officer Edwards and Major Russell are Entitled to Summary Judgment for Count 7 (§ 1983 / Excessive Force), Count 9 (§ 1983 / "Deprivation of Federal Rights"), and Count 2 (Violation of the Maryland Declaration of Rights).

### A.  *Officer Edwards and Major Russell did not Violate Plaintiff's Fourth and Fourteenth Amendment Rights.*

Plaintiffs bring federal constitutional claims under 42 USC § 1983, which requires a showing that (1) the intentional actions of the defendant police officer deprived Mr. Gray of a constitutional right; and (2) the right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). As to both the Fourth and Fourteenth Amendments, Plaintiffs cannot satisfy the first element of this inquiry.

The Fourth Amendment's reasonableness standard "governs claims of excessive force during the course of an arrest, investigatory stop, or other seizure of a person.'" *Robles v. Prince Georges County*, 302 F.3d 262, 268 (4th Cir. 2002).  A violation of the Fourth Amendment requires an intentional acquisition of physical control, *i.e.*, a seizure.  *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989).  Similarly, a Fourteenth Amendment violation requires an act that "shocks the conscience," defined as "conduct **intended** to injure in some way unjustifiable by any government interest[.]"  *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).  At no point did Officer Edwards or Major Russell ever seize, apply force to, or injure Mr. Gray, intentionally or otherwise. Accordingly, Officer Edwards and Major Russell are both entitled to summary judgment on Plaintiffs' Section 1983 claims (Counts 7 and 9).

> B. *Officer Edwards and Major Russell did not Violate Plaintiff's Rights under the Maryland Declaration of Rights.*

Officer Edwards and Major Russell are entitled to summary judgment on Plaintiffs' claims under the Maryland Declaration of Rights for the same reasons they are entitled to summary judgment on Plaintiffs' Section 1983 claims—they did not seize, apply force to, or injure Mr. Gray.  Courts interpret Articles 24 and 26 of the Maryland Declaration of Rights as protecting the same rights as the Fourth Amendment and the Fourteenth Amendment's Due Process Clause.  *Smith v. Bortner*, 193 Md. App. 534 (2010). Accordingly, Officer Edwards and Major Russell are both entitled to summary judgment on Plaintiffs' Maryland Declaration of Rights claim (Count 2).

### III.    Officer Edwards and Major Russell are Entitled to Summary Judgment on Count 7 (Negligence).

As a preliminary matter, neither Officer Edwards nor Major Russell breached a duty to Mr. Gray that proximately caused his injuries.  Even if there could be dispute on this point, absent malice, Officer Edwards and Major Russell are immune from liability for negligent acts or omissions.  *James v. Prince George's County*, 288 Md. 315, 323 (1980).[5] There is no record evidence to suggest that Officer Edwards or Major Russell carried actual malice towards Mr. Gray.

As discussed above, there is no "act" by Officer Edwards or Major Russell to which malicious intent can be applied.  Moreover, there is no support—much less clear and convincing evidence—for any claim that Officer Edwards or Major Russell carried an evil or rancorous motive influenced by hate." *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 469 (1992).  Accordingly, Officer Edwards and Major Russell are both entitled to summary judgment on Plaintiffs' negligence claim (Count 7).

### IV.    Officer Edwards and Major Russell Are Entitled To Summary Judgment on Count 6 (Gross Negligence).

Gross negligence requires:

> an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them. Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury *intentionally* or is so utterly indifferent to the rights of others that he acts as if such rights did not exist.

---

[5]    For immunity to attach, Officer Edwards and Major Russell must be public officials involved in discretionary duties. *James*, 288 Md. at 325.  On these points, Officer Edwards and Major Russell adopt the discussion in Officer Kern's motion for summary judgment.  (ECF No. 78-1 at 16-17).

*Liscombe v. Potomac Edison Co.,* 303 Md. 619, 635 (1985) (emphasis added).  As discussed, the record is devoid of evidence to suggest that Officer Edwards or Major Russell "inflict[ed] injury intentionally or [were] so utterly indifferent to the rights of [Mr. Gray] that [they] act[ed] as if such rights did not exist."  *Id.*

**V.   Officer Edwards and Major Russell Are Entitled to Summary Judgment on Count 11 (Loss of Consortium)**

Plaintiffs' loss of consortium claim "is derivative of the injured spouse's claim for personal injury." *Oaks v. Connor*, 339 Md. 24, 38 (1995).  For the reasons stated above, Officer Edwards and Major Russell are both entitled to summary judgment on this derivative claim (Count 11).

## CONCLUSION

Neither Officer Edwards nor Major Russell shot Mr. Gray. Neither Officer Edwards nor Major Russell acted intentionally or failed to act in any way that caused Mr. Gray's injuries.  Accordingly, Officer Edwards and Major Russell are entitled to judgment as a matter of law.

Respectfully submitted,

 /s/
Thurman W. Zollicoffer, Jr. (Bar No. 23256)
Dennis M. Robinson, Jr. (Bar No. 27047)
Patrick D. McKevitt (Bar No. 30078)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street, Suite 1300
Baltimore, Maryland 21202-1626
Telephone: 410-347-8700
Facsimile: 410-234-2376
*Counsel for Defendants, Officer Efran Edwards
and Major Eric Russell*