IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAYMOND GRAY <u>et al.</u> | * |
| Plaintiffs | * |
| v. | * |
| | *  Civil Action No. WMN-13-2270 |
| Officer William Scott Kern <u>et al.</u> | * |
| Defendants | * |

* * * * * * * * * * * * * * *

**<u>MEMORANDUM</u>**

Before the Court is a Motion to Dismiss for Mootness, ECF No. 100, filed by Defendant Officer William Scott Kern and a Motion for Summary Judgment, ECF No 97, filed by Defendants Baltimore Police Department and Commissioner Batts (Police Defendants). The motions are ripe. Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, the Court will deny Officer Kern's Motion to Dismiss for Mootness. The Court will grant Police Defendants' Motion for Summary Judgment as to Count X and deny the motion as to Counts I-VI against Commissioner Batts as premature.

This action relates to the well-publicized shooting of Plaintiff Raymond Gray by Baltimore Police Officer William Scott Kern during a training exercise on February 12, 2013. The facts of the case have been set forth in prior Memoranda of this

Court, ECF Nos. 39, 56, 94, and will be repeated here only to the extent necessary for the resolution of the pending motions.

On June 14, 2013, Raymond and Sheri Gray (Plaintiffs), filed a Complaint in the Circuit Court for Baltimore City naming as Defendants Officer William Scott Kern (Officer Kern), Major Eric Russell, Officer Efren Edwards, Baltimore City Police Commissioner Anthony Batts (Commissioner Batts), Baltimore Police Department, the Mayor and City Council of Baltimore City, Baltimore County Police Department, and Baltimore County, Maryland.  The matter was removed to this Court on August 5, 2013.  ECF No. 1.  Plaintiffs' Complaint, as subsequently amended, contains eleven counts: false imprisonment (Count I); violation of Articles 19, 24, and 26 of the Maryland Declaration of Rights (Count II); battery (Count III); assault (Count IV); intentional infliction of emotional distress (Count V); gross negligence (Count VI); negligence (Count VII); and § 1983 claims for excessive force (Count VIII), deprivation of federal rights (Count IX), and failure to train (Count X); and loss of consortium (Count XI).  ECF No. 67.  The Court has dismissed multiple parties, leaving as Defendants Baltimore Police Department, Commissioner Batts, and Officer Kern.  The Court also previously dismissed various claims against the remaining parties, and Defendants' pending dispositive motions seek to dismiss all remaining claims, as discussed below.

**I. OFFICER KERN'S MOTION TO DISMISS FOR MOOTNESS**

On February 5, 2015, Officer Kern moved for Summary Judgment on all claims.  ECF No. 78.  On August 21, 2015, this Court granted judgment in Officer Kern's favor as to Plaintiffs' claims of false imprisonment, violation of Articles 19, 24, and 26 of the Maryland Declaration of Rights, and Plaintiffs' § 1983 claims for excessive force and deprivation of federal rights.  ECF No. 94.  Left pending against Officer Kern are state tort claims of battery, assault, intentional infliction of emotional distress, gross negligence, and loss of consortium.  On October, 12, 2015, Officer Kern moved to dismiss all remaining claims.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of subject-matter jurisdiction over the plaintiff's claim.  If a plaintiff's case is moot, the court lacks subject-matter jurisdiction.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983).  This is so because mootness principles derive from Article III of the Constitution, which limits federal-court jurisdiction to "cases" and "controversies."  U.S. Const. art. III, § 2.  The Supreme Court has interpreted this requirement to demand that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  "If an intervening

3

circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–478, (1990)). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emp. Int'l Union, Local 1000, 132 S. Ct. 2277, 2287 (2012) (internal citation omitted). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013).

Officer Kern asserts that the Court lacks subject-matter jurisdiction in this matter by virtue of Plaintiffs being offered and rejecting judgment for the full amount of damages to which they claim entitlement, rendering the case moot. ECF No. 100-1 at 3. On August 25, 2015, Officer Kern, in accordance with Federal Rule of Civil Procedure 68, sent Plaintiffs a letter offer to allow judgment to be entered against him in the amount of $200,000. ECF No. 101. On September 10, 2015, Officer Kern extended the period for acceptance of that offer until September 18, 2015. ECF No. 101-1. On September 24, 2015, Officer Kern once again extended the time for acceptance of that offer of judgment until October 8, 2015. ECF No. 101-2.

Plaintiffs did not accept any of Officer Kern's offers of judgment, allowing all Rule 68 submissions to lapse.

Officer Kern asserts that he has offered Plaintiffs all the relief they sought to obtain, as Plaintiffs' recoverable damages are confined to the statutory limit imposed by the Local Government Tort Claims Act (LGTCA).  See Md. Code Ann. Cts & Jud. Proc. § 5-303(a)(1) (2007) ("liability of a local government may not exceed $200,000 per an individual claim").[1] When Officer Kern's Motion to Dismiss was filed, it was well-settled in the Fourth Circuit that "[w]hen a Rule 68 offer unequivocally offers a plaintiff all the relief she sought to obtain, the offer renders the plaintiff's action moot."  Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 371 (4th Cir. 2012) (internal citation omitted).  Relying on Warren, Officer Kern concludes that "this matter no longer contains a dispute to be litigated, has been mooted, and this Court no longer has jurisdiction."  ECF No. 105.[2]

---

[1] As of October 1, 2015, § 5-303(a)(1) reads "liability of a local government may not exceed $400,000 per an individual claim.").

[2] Plaintiffs oppose Officer Kern's motion on two grounds.  First, Plaintiffs argue that Officer Kern's Rule 68 offer of judgment did not encompass the full amount of damages to which Plaintiffs claim to be entitled as the issue of punitive damages has not been foreclosed by this Court.  ECF No. 103-1 at 9.  Second, Plaintiffs argue that the application of the LGTCA cap in this case would be unconstitutional because it would have the effect of cutting off all remedy in violation of Article 19 of the

On January 20, 2016, the Supreme Court issued a decision in Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (2016), which abrogated Warren. In Campbell-Ewald Co., the Supreme Court "granted certiorari to resolve a disagreement among the Courts of Appeals over whether an unaccepted offer can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction." Id. at 669. The Supreme Court, in a decision issued by Justice Ginsburg, held,

> in accord with Rule 68 of the Federal Rules of Civil Procedure, that an unaccepted settlement offer has no force. Like other unaccepted contract offers, it creates no lasting right or obligation. With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists.

Id. at 666. The Supreme Court concluded that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate Gomez's complaint." Id. at 672. Based on the Supreme Court's unequivocal decision in Gomez, Officer Kern's unaccepted offer of judgment did not moot Plaintiffs' case, therefore, the Court will deny Officer Kern's Motion to Dismiss for Mootness.

---

Maryland Declaration of Rights. Id. at 3. In light of the following disposition of Officer Kern's motion, the Court declines to address these arguments.

**II. POLICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On January 7, 2014, the Court granted in part and denied in part a motion to dismiss filed by Police Defendants.  ECF No. 39.  Left pending against Police Defendants are claims for Monell[3] and supervisory liability for failure to train under 42 U.S.C. § 1983.  Additionally pending against Commissioner Batts are state law claims of false imprisonment, state constitutional torts under Articles 19, 24, and 26 of the Maryland Declaration of Rights, battery, assault, intentional infliction of emotional distress, and gross negligence.  On February 20, 2014, Police Defendants filed a motion to bifurcate the trial of Plaintiffs' claims against Defendants Kern, Russell, and Edwards from claims against Police Defendants and to stay discovery with respect to the issues relevant to Plaintiffs' claims against Police Defendants.  ECF No. 46.  On April 3, 2014, this Court granted Police Defendants' Motion to Bifurcate and to Stay Discovery.  ECF No. 56.  On September 2, 2015, Police Defendants moved for summary judgment on all remaining claims.

Before the Court considers the merits of Police Defendants' motion, it will address Plaintiffs' contention that it is unfair to allow Police Defendants to proceed with a dispositive motion at this time.  Plaintiffs, in their opposition, argue

---

[3] Monell v. Dep't of Soc. Serv. of the City of New York, 436 U.S. 658 (1978).

7

> it is inherently unfair to permit the defendants, Baltimore Police Department and Commissioner Anthony Batts to proceed with a dispositive motion since the Court on April 3, 2014 bifurcated this matter with regard to Baltimore Police Department and Commissioner Batts and stayed discovery as it related to Plaintiffs' claims against Defendants, Baltimore Police Department and Commissioner Batts.

ECF No. 102 at 1. The Court notes that it granted Police Defendants' Motion to Bifurcate and to Stay Discovery based on the potential for prejudice to Police Defendants inherent in trying § 1983 claims against individuals and municipalities/ supervisors jointly. ECF No. 56. Because the constitutional claims against the individual officers charged in this action have been dismissed by the Court, the Court will consider Police Defendants' Motion for Summary Judgment as to Count X- the remaining § 1983 claim alleging supervisory liability against Commissioner Batts and of liability under Monell against the Baltimore Police Department.

Summary judgment is appropriate if the record before the court "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 377 U.S. 317, 322-23 (1986). See also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (noting that trial judges have "an affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial"). A fact is

material if it might "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether there is a genuine issue of material fact, the Court "views all facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party." Housley v. Holquist, 879 F. Supp. 2d 472, 479 (D. Md. 2011) (citing Pulliam Inv. Co. v. Cameo Prop., 810 F.2d 1282, 1286 (4th Cir. 1987)).

Police Defendants argue that, without a predicate constitutional violation, Plaintiffs' claims in Count X must fail, as "supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in a suit for damages." Waybright v. Frederick Cty., 528 F.3d 199, 203 (4th Cir. 2008) (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)); see also Dawson v. Prince George's Cty., 896 F. Supp. 537, 540 (D. Md. 1996) ("If Dawson fails in his efforts to show that an active defendant violated his constitutional rights, his claims against the County likewise fail."). In response, Plaintiffs correctly argue that "[c]ourts in various jurisdictions have held that municipalities may be found liable for constitutional violations under 42 U.S.C. Section 1983 even though no individual is found to be liable." See ECF No. 102-2 at 8 (referencing Gibson v. City of Chicago, 910 F.2d 1510 (7th

Cir. 1990), Arnold v. City of New York, 340 F. Supp. 2d 550 (M.D. Pa. 2004), Barrett v. Orange Cty. Human Rights Comm'n, 194 F.3d 341 (2d Cir. 1999), and Phillips ex rel. Green v. City of New York, 453 F. Supp. 2d 690 (S.D.N.Y. 2006)).

The law of this circuit, however, is well-settled, and the binding precedent requires dismissal of § 1983 Monell and supervisory liability claims against municipal defendants where no underlying constitutional violation exists. See, e.g., Evans v. Chalmers, 703 F.3d 636, 654 (4th Cir. 2010), cert. denied, 134 S. Ct. 617 (2013)("Because we hold that all plaintiffs failed to state predicate § 1983 claims against the individual officers, we must also hold that all plaintiffs have failed to state supervisory liability, Monell liability, and 'stigma-plus' claims."); cf. Int'l Ground Transp. v. Mayor and City Council of Ocean City, 475 F.3d 214, 219 (4th Cir. 2007) (stating a finding of no liability on the part of the individual defendants can co-exist with a finding of liability on the part of the municipality when the individual defendants successfully assert a qualified immunity defense). On August 21, 2015, the Court found that none of the individual officers violated the constitutional rights of Plaintiffs, as opposed to finding that the officers were entitled to qualified immunity. ECF No. 94. As such, there is no underlying constitutional violation that can serve as the basis for a derivative § 1983 Monell or

10

supervisory liability claim, and the Court will grant Police Defendants' Motion for Summary Judgment on Count X.

The Court will deny the motion as premature as to Counts I-VI, pending against Commissioner Batts, as Plaintiffs have not had the opportunity to pursue discovery as to those claims. Recognizing time considerations regarding Officer Kern's trial in April, the Court is doubtful parties wish to lift the stay at this time, but will consider doing so upon suggestion of the parties. Otherwise, the stay will be lifted upon the resolution of Plaintiffs' claims against Officer Kern.

### III. CONCLUSION

For the above-stated reasons, the Court will deny Officer Kern's Motion to Dismiss for Mootness. The Court will grant Police Defendants' Motion for Summary Judgment as to Count X, and deny the motion as premature as to Counts I-VI against Commissioner Batts. A separate order will issue.

```
        ___/s/_____  _____
        William M. Nickerson
        Senior United States District Judge
```

DATED: February 4, 2016