```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

RAYMOND GRAY et al.            *
                               *
     Plaintiffs                *
v.                             *
                               *   Civil Action No. WMN-13-2270
OFFICER WILLIAM SCOTT KERN     *
et al.                         *
                               *
     Defendants                *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## MEMORANDUM AND ORDER

Before the Court is Defendant William Scott Kern's Second Motion to Dismiss for Lack of Jurisdiction.  ECF No. 109.  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary.  Local Rule 105.6.  For the reasons set forth below, the Court will grant Defendant Kern's motion.

This action relates to the shooting of Plaintiff Raymond Gray by Defendant, Baltimore Police Officer William Scott Kern, during a training exercise on February 12, 2013.[1]  Plaintiffs Raymond and Sheri Gray filed a Complaint in the Circuit Court for Baltimore City on June 14, 2013.  The matter was removed to this Court on August 5, 2013.  ECF No. 1.  Plaintiffs filed an amended eleven count complaint on May 27, 2014.  ECF No. 67.  On

---

[1] The facts of the case have been set forth in prior Memoranda of this Court; ECF Nos. 39, 56, 94, and 106; and will be repeated here only to the extent necessary for the resolution of the pending motion.

February 5, 2015, Defendant Kern moved for summary judgment on all claims.  ECF No. 78.  On August 21, 2015, this Court granted judgment in Defendant Kern's favor as to Plaintiffs' claims of false imprisonment; violation of Articles 19, 24, and 26 of the Maryland Declaration of Rights; negligence; and § 1983 claims for excessive force, deprivation of federal rights, and failure to train.  ECF No. 94.  The remaining claims against Defendant Kern are state law tort claims of battery, assault, intentional infliction of emotional distress, gross negligence, and loss of consortium.

On August 25, 2015, Defendant Kern offered, in accordance with Federal Rule of Civil Procedure 68, to allow judgment to be entered against him in the amount of $200,000, which was, according to Defendant, the maximum amount Plaintiffs could recover by law.  ECF No. 101.  After Plaintiffs refused to accept Defendant's Rule 68 offer of judgment, Defendant Kern filed his first Motion to Dismiss for Lack of Jurisdiction.  ECF No. 100.  On October 12, 2015, when Defendant Kern's first Motion to Dismiss was filed, it was well-settled in the United States Court of Appeals for the Fourth Circuit that "[w]hen a Rule 68 offer unequivocally offers a plaintiff all the relief she sought to obtain, the offer renders the plaintiff's action moot."  Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 371 (4th Cir. 2012) (internal citations omitted).

On January 20, 2016, while Defendant Kern's first Motion to Dismiss was pending, the Supreme Court issued a decision in Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (2016), which abrogated Warren.  In Gomez, the Supreme Court "granted certiorari to resolve a disagreement among the Courts of Appeals over whether an unaccepted offer can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction." Id. at 669.  The Supreme Court, in a 6-3 decision issued by Justice Ginsburg, found,

> in accord with Rule 68 of the Federal Rules of Civil Procedure, that an unaccepted settlement offer has no force.  Like other unaccepted contract offers, it creates no lasting right or obligation.  With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists.

Id. at 666.  The Supreme Court concluded that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate Gomez's complaint."  Id. at 672.  Based on the Supreme Court's holding in Gomez, Defendant Kern's unaccepted offer of judgment did not moot Plaintiffs' case, therefore, this Court denied Defendant Kern's first Motion to Dismiss.  ECF No. 107.

Hoping to prevent the automatic revocation that results from an unaccepted Rule 68 offer, Defendant Kern's Second Motion to Dismiss avers that, as soon as possible, the City of

3

Baltimore is depositing a check in the amount of $200,000, payable to Plaintiffs and Plaintiffs' counsel, with the Clerk of the Court.  ECF No. 109-1 at 4.  Defendant Kern claims Plaintiffs cannot recover more than $200,000 in compensatory damages and argues that because Plaintiffs "have available a check in the amount of that statutory limit, Plaintiffs' claims have been rendered moot" and this action should be dismissed.  Id.

The majority in Gomez did not confront the specific issue raised here: whether a plaintiff's claim is mooted when a defendant tenders actual payment equal to the full amount of that claim.  See Gomez, 136 S. Ct. at 672 ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to plaintiff, and the court then enters judgment for the plaintiff in that amount.").  Although not directly confronting the issue, the Supreme Court in Gomez appeared to concede that cases involving offers of settlement or judgment might be distinguishable from those involving actual payment.  See id. at 671 (distinguishing the case at hand from a series of railroad cases where "the railroad's payments had fully satisfied the asserted tax claims, and so extinguished them").

4

Despite the Gomez majority's reluctance to confront the issue of actual payment, the dissenting Justices made clear that such a measure would moot the issue in controversy.  See id., at 684 (Alito, J., dissenting) ("I am heartened that the Court appears to endorse the proposition that a plaintiff's claim is moot once he has 'received full redress' from the defendant for the injuries he has asserted.").  Justice Alito's dissent concludes that "[t]oday's decision thus does not prevent a defendant who actually pays complete relief-either directly to the plaintiff or to a trusted intermediary-from seeking dismissal on mootness grounds."  Id.  This Court has previously reached that same conclusion.  See, e.g., Price v. Berman's Auto., Inc., No. 14-763-JMC, 2016 WL 1089417, at *2 (D. Md. Mar. 21, 2016) ("[I]f Berman's reissues an unconditional cashier's check equal to the amount of the down payment plus interest, it may re-file its motion and submit to the Court proof of payment and delivery of payment to Plaintiffs.  The Court will then dismiss Plaintiffs' TILA claim as moot.").  In light of Gomez and Price, the Court finds that a measure which makes absolutely clear that the defendant will pay the complete relief the plaintiff can recover and that the plaintiff will be able to receive that relief will moot the issue in controversy.

Accordingly, if Defendant Kern or the City of Baltimore acting on Defendant Kern's behalf, upon Court order, deposits

the full amount recoverable with the Clerk of the Court, and the Court then enters judgment in that amount, the case is moot. The only issue left to be determined by the Court, therefore, is whether Plaintiffs can recover an amount greater than the $200,000 limitation for compensatory damages as set forth in the Local Government Tort Claims Act (LGTCA), Maryland Code §§ 5-401 through 5-404 of the Courts and Judicial Proceedings Article. Defendant Kern avers that the $200,000 limitation applies, and requests that judgment be entered against him and in favor of Plaintiffs in the amount of $200,000, and that the Court dismiss Plaintiffs' Complaint with prejudice.  ECF No. 109-1.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of subject-matter jurisdiction over the plaintiff's claim.  If a plaintiff's case is moot, the court lacks subject-matter jurisdiction.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983).  This is so because mootness principles derive from Article III of the Constitution, which limits federal-court jurisdiction to "cases" and "controversies."  U.S. Const. art. III, § 2.  The Supreme Court has interpreted this requirement to demand that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  "If an intervening

circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–478, (1990)).

Plaintiffs oppose Defendant Kern's motion on two grounds.[2] First, Plaintiffs contend that the application of the LGTCA damage cap in this case is unconstitutional because it would have the effect of cutting off all remedy in violation of Article 19 of the Maryland Declaration of Rights. ECF No. 103-1 at 3-9. Second, Plaintiffs argue that the full amount of damages to which they are entitled is greater than $200,000 as the issue of punitive damages has not been foreclosed by this Court. ECF No. 103-1 at 9. The Court will turn to the language of the LGTCA and then address these arguments in turn.

The LGTCA "makes local governments, including municipalities, liable for judgments for damages awarded against their officers and employees for tortious acts committed within the scope of employment and without malice." Ashton v. Brown, 660 A.2d 447, 465 (Md. 1995). The purpose of the LGTCA is

---

[2] In Opposition to Defendant Kern's Second Motion to Dismiss, Plaintiffs incorporate by reference their Response in Opposition to Defendant Kern's first Motion to Dismiss. ECF No. 111 at 1.

7

> to provide a remedy for those injured by local government officers and employees, acting without malice in the scope of their employment, while ensuring that the financial burden of compensation is carried by the local government ultimately responsible for the public officials' acts.

Id. at 465-466. The Maryland Court of Special Appeals has made clear that the LGTCA "applies to all torts without distinction, including intentional and constitutional torts." Thomas v. City of Annapolis, 688 A.2d 448, 457 (Md. Ct. Spec. App. 1997); see also Ashton, 660 A.2d at 454 (applying the LGTCA without distinction to intentional, non-intentional, constitutional, and non-constitutional torts). Therefore, the damage cap applies to Plaintiffs' remaining state law tort claims of battery, assault, intentional infliction of emotional distress, gross negligence, and loss of consortium.

At the time of this incident, the LGTCA clearly stated that "the liability of a local government may not exceed $200,000[3] per an individual claim." Md. Code Ann. Cts. & Jud. Proc. § 5-303(a)(1) (2007). Plaintiffs claim the LGTCA damage cap is unconstitutional because it would leave them totally remediless in violation of Article 19 of the Maryland Declaration of Rights which protects the right to a remedy for an injury to one's person or property. ECF No. 103-1. In the case of Espina v.

---

[3] As of October 1, 2015, § 5-303(a)(1) reads "the liability of a local government may not exceed $400,000 per an individual claim."

Jackson, the Maryland Court of Appeals had its "first occasion to address specifically an Article 19 challenge to the LGTCA damage cap." 112 A.3d 442, 458 (Md. 2015). In Espina, Maryland's highest court reaffirmed the Legislature's determination "that the responsibility of the local government entity to indemnify the employee should be limited to $200,000 per individual claim and $500,000 per occurrence," and found that determination to be a "matter of policy" and "not unreasonable." Id. at 462. In so finding, the Espina court held that the LGTCA damage cap did not violate Article 19 of the Maryland Declaration of Rights; Plaintiffs seeks to overturn that holding.

Plaintiffs claim they are totally remediless in violation of Article 19 because they are subject to a lien on the part of Chesapeake Employers Insurance, the worker's compensation carrier of Plaintiff Raymond Gray's employer, in excess of $200,000. ECF No. 111-1. Though $200,000 is less than the lien against Plaintiff Raymond Gray, that amount, at the time of the injury, was the amount to which the Maryland Legislature waived the liability of the local government. The extent of Plaintiff Raymond Gray's damages does not warrant this Court to craft a judicial exception to the Maryland Legislature's enactment. To the contrary, this Court "cannot disregard the mandate of the Legislature and insert an exception, where none has been made by

the Legislature, for the sake of relieving against hardship or injustice." Johnson v. Mayor and City Council of Baltimore City, 874 A.2d 439, 448 (Md. 2005).

In support of its reasonableness finding, the Espina court noted "that in a case involving malice on the part of the government employee ... the plaintiff may still attempt to enforce the judgment against the employee individually." 112 A.3d at 462. This is so because the LGTCA damage cap restricts only the amount a plaintiff may collect from the local government; it has no bearing on the overage the plaintiff may collect from an employee who acted with malice. See Md. Code Ann., Cts. & Jud. Proc. § 5-302 (b)(2)(i) (2007) ("An employee shall be fully liable for all damages awarded in an action in which it is found that the employee acted with actual malice."). Plaintiffs' first Opposition states

> [i]n the event the Court concludes that the Act is constitutional, the Motion to Dismiss for Mootness should be denied since the issues of punitive damages and Officer Kern's liability under the LGTCA § 5-302(b)(2) have not been foreclosed. Plaintiffs are mindful of the Court's previous ruling with regard to the issue of malice. However, the LGTCA defines within the Act itself "actual malice" as ill will or improper motive.

ECF No. 103-1 at 9.

In granting summary judgment in favor of Defendant Kern on Plaintiffs' negligence claim, the Court found there was "insufficient evidence from which a jury could conclude that

Officer Kern acted with malice to defeat his public official immunity." ECF No. 94 at 12.  As implied by Plaintiffs, there is a slight semantic distinction between actual malice under the LGTCA and actual malice in the context of public official immunity.  Actual malice is defined for the purposes of the LGTCA as "ill will or improper motivation."  Md. Code Ann., Cts. & Jud. Proc. § 5-301(b).  In the context of public official immunity, "[actual] malice is established by proof that the defendant-officer 'intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff.'"[4]  Bord v. Baltimore Cty., Maryland, 104 A.3d 948, 964 (Md. Ct. Spec. App. 2014).  The Court finds that the "ill will or improper motivation" standard is substantially the same as "evil or rancorous motive;" both imply a conscious and deliberate wrongdoing.  Because Defendant Kern did not act with actual malice, the maximum amount Plaintiffs may collect for their individual claim is limited by the LGTCA damage cap.[5]

---

[4] The Court of Special Appeals of Maryland, "when holding public official immunity to be applicable, has defined malice as 'actual malice.'"  Thomas v. City of Annapolis, 688 A.2d 448, 455 (Md. Ct. Spec. App. 1997).

[5] The Court notes that under Maryland law, a loss of consortium claim is derivative of the injured spouses' claim for personal injury.  Oaks v. Connors, 660 A.2d 423, 430 (Md. 1995).

As stated above, the LGTCA damage cap limits the liability of a local government to $200,000 per <u>individual claim</u>. Md. Code Ann. Cts & Jud. Proc. § 5-303(a)(1)(2007) (emphasis added). Under the LGTCA, the term individual claim is "synonymous with 'cause of action,' which is defined as a set of facts sufficient to justify a court in rendering judgment in favor of the plaintiff." <u>Board of Cty. Comm'r of St. Mary's Cty. v. Marcas, L.L.C.</u>, 4 A.3d 946, 953 (Md. 2010). Pending against Commissioner Anthony Batts, the other remaining Defendant, are state law claims of false imprisonment, state constitutional torts under Articles 19, 24, and 26 of the Maryland Declaration of Rights, battery, assault, intentional infliction of emotional distress, and gross negligence. As the LGTCA damage cap applies to Plaintiffs' cause of action, the claims against Commissioner Batts will also be dismissed upon the Courts' receipt of the $200,000 payment.

In sum, the City of Baltimore acting on behalf of Defendant Kern should deposit the full amount recoverable, $200,000, with the Clerk of the Court. Upon receipt of proof of that deposit, the Court will enter judgment in that amount in favor of Plaintiffs and against Defendant. At that time, Defendant Kern's Motion to Dismiss, ECF No. 109, will be granted and this case will be dismissed as moot.

For the reasons stated herein, IT IS this 13th day of April, 2016, by the United States District Court for the District of Maryland, ORDERED:

(1)  That the City of Baltimore, on behalf of Defendant Kern, deposit a check in the amount of $200,000, payable to Plaintiffs and Plaintiffs' counsel, with the Clerk of the Court within seven days of this Order;

(2)  That Defendant Kern submit proof of deposit to this Court within seven days of this Order; and

(3)  That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
           ____/s/_____  _____
           William M. Nickerson
           Senior United States District Judge
```